UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHANTIVIA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| PAULARIE DRAINE, Star 15870, and | ) | Jury Demand |
| LAVAR McLEMORE, Star 17235, | ) | |
| | ) | |
| Defendants. | ) | |

FILED: JUNE 3, 2008
08CV3195         TG
JUDGE NORDBERG
MAGISTRATE JUDGE VALDEZ

## COMPLAINT

1.  This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2.  Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.  Plaintiff is a resident of Chicago, Illinois.

5.  Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6.  The Defendant-Officers are sued in their individual capacities.

7.  Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8.  At approximately 1:30 a.m., on December 1, 2007, Plaintiff SHANTIVIA WILLIAMS stopped her car at or near 73rd and St. Lawrence in Chicago.

9. Plaintiff's car was stopped next to her cousin's car.

10. Plaintiff's cousin's car was not working and Plaintiff offered to give her cousin and his girlfriend a ride.

11. There were two passengers in Plaintiff's car.

12. Plaintiff's car is registered in her name.

13. Defendants DRAINE and McLEMORE were on patrol in a police car. The Defendant-Officers stopped behind Plaintiff's car.

14. The Defendant-Officers remained behind Plaintiff's car for a short time, then they left and drove down the block.

15. The Defendant-Officers stopped at the end of the block. They then put their car in reverse and drove back to where Plaintiff's car was stopped.

16. Defendant DRAINE exited the police car and approached Plaintiff's car.

17. DRAINE asked Plaintiff who owned the car.

18. Plaintiff told DRAINE that she owned the car.

19. DRAINE ordered Plaintiff out of the car.

20. Plaintiff exited her car and was immediately placed in handcuffs.

21. Defendant-Officers placed Plaintiff in the back of their police car.

22. Plaintiff was seized and not free to leave.

23. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or seize Plaintiff.

24. The Defendant-Officers ordered everyone in Plaintiff's car to produce their identification.

25. The Defendant-Officers "ran" everyone's name.

26. Plaintiff again asked the Defendant-Officers why they placed her in handcuffs.

27. DRAINE told Plaintiff that she had a warrant from DuPage County.

28. Plaintiff told DRAINE that she did not have a warrant.

29. DRAINE again told Plaintiff she had a warrant and that she was going to jail.

30. Plaintiff was under arrest for a warrant that did not apply to her.

31. The arrest warrant at issue called for the arrest of Shakyra Williams.

32. Plaintiff has never used the name Shakyra Williams.

33. The warrant described Shakyra Williams as 5'9".

34. Plaintiff is 5'3" tall.

35. Plaintiff was taken to the 3rd District police station.

36. Plaintiff was fingerprinted at the 3rd District.

37. Plaintiff repeatedly told the Defendant-Officers that the warrant was not for her.

38. The Defendant-Officers deliberately ignored Plaintiff.

39. Plaintiff was then transported to 5th District police station.

40. Plaintiff was fingerprinted again at the 5th District.

41. Plaintiff was then transferred to the Cook County Jail and held there until $200.00 was posted to bond Plaintiff out.

42. On December 24, 2007, an order was entered in the case docketed in the Circuit Court of the Eighteenth Judicial Circuit as: People v. Shakyra Williams, 06 TR 128801 stating that Plaintiff is not the correct defendant.

43. Each individual Defendant-Officer acted willfully and wantonly, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

44. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, and pecuniary damages including monies posted for bond.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

45. Plaintiff realleges paragraphs 1 through 44 as if fully set forth herein.

46. Defendant-Officers stopped and seized Plaintiff.

47. Defendant-Officers did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff was about to commit a crime or had committed a crime.

48. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b)  Award Plaintiff compensatory and punitive damages,

c)  Award attorneys' fees and costs, and

d)  Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

49. Plaintiff realleges paragraphs 1 through 44 as if fully set forth herein.

50. The arrest of Plaintiff without any legal justification or probable cause violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant-Officers,

b)  Award compensatory and punitive damages, as determined at trial,

c)  Award attorneys' fees and costs, and

d)  Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (State Law Claim for False Arrest/False Imprisonment)

51. Plaintiff realleges paragraphs 1 through 44 as if fully set forth herein.

52. Plaintiff was arrested and imprisoned by the Defendant-Officers on an arrest warrant that did not apply to her.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant-Officers,

b)  Award compensatory and punitive damages, as determined at trial,

c)  Award costs, and

d)  Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (State Law Claim for Willful and Wanton Conduct)

53. Plaintiff realleges paragraphs 1 through 44 as if fully set forth herein.

54. The Defendant-Officers had a duty to Plaintiff to reasonably investigate Plaintiff

claims of mistaken identity and to confirm that Plaintiff was the person described in the warrant.

55. The Defendant-Officers breached that duty.

56. The Defendant-Officers did nothing to investigate Plaintiff's claim that she did not have a warrant.

57. The Defendant-Officers' breach exhibited a reckless disregard for Plaintiff's rights, including a failure to exercise reasonable investigation into Plaintiff's claims of mistaken identity.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against the Defendant-Officers ,

b) Award compensatory and punitive damages, as determined at trial,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law *Respondeat Superior* Claim)

58. The acts of the Defendant-Officers described in the supplementary state law claims above were willful and wanton, and committed in the scope of employment.

59. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

60. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

61. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers .

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers  for any judgment entered in this case arising

from his actions.

**Jury Trial Demanded to All Issues Triable by Jury**

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595